UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TOMMY W. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-454-TAV-HBG |
| | ) |
| KNOX COUNTY JAIL and | ) |
| TDOC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2], and a motion for leave to proceed *in forma pauperis* in this action [Doc. 1] The Court will address Plaintiff's motion before screening Plaintiff's complaint in compliance with the Prison Litigation Reform Act ("PLRA").

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust

account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk is **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal

2

Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is housed at the Knox County Detention Facility ("Knox County Jail"). Plaintiff maintains that he is being denied medical and dental care at the Knox County Jail [Doc. 2 p. 3-4]. Specifically, he asserts that he is blind in his left eye and that doctors said "it could have been fixed" if he had received appropriate medical care [Doc. 2 p. 3]. He

3

also alleges that his teeth "need to be fixed," and that the Knox County Jail refuses to "fix" them [*Id*. at 4]. Plaintiff asks the Court to either order the Knox County Jail to treat his teeth and eye or send him to a State facility [*Id*. at 5]. He also asks the Court to award him monetary damages for pain [*Id*. at 4].

**C.  Analysis**

A prison authority's deliberate indifference to an inmate's serious dental or medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (noting "[d]ental care is one of the most important needs of inmates"). Deliberate indifference "entails something more than mere negligence" but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Here, Plaintiff alleges that the Knox County Jail refuses to "fix" his teeth. However, his complaint contains no information regarding the issues he allegedly has with his teeth or his efforts to seek and receive dental treatment. In short, Plaintiff alleges no facts from which the Court could find deliberate indifference on the part of Defendants, and his bare allegation that his teeth need some sort of evaluation or treatment fails to state a claim for relief.

4

Plaintiff's allegations regarding the denial of medical treatment for his eye are slightly more robust, but they, too, lack sufficient factual detail. Plaintiff states that the injury to his eye "could have been fixed," and he alleges that he needs glasses that the Knox County Jail refuses to provide. However, grievance records attached to the instant complaint from March and April 2020 suggest that Plaintiff was treated by an outside specialist for his eye injury, and that Knox County Jail personnel were following the orders of that specialist [*See, e.g.,* Doc. 2 p. 9]. Therefore, Plaintiff has presented the Court with contradictory information regarding whether he has received medical treatment, and his allegations in the instant complaint (while suggestive of Plaintiff's dissatisfaction with the treatment he has received) fail to state a claim of deliberate indifference.

It is conceivable, however, that Plaintiff may be able to state facts that would support a claim of deliberate indifference for the denial of medical or dental care if allowed an opportunity to submit an amended complaint that more fully details his injuries and the response to those alleged injuries. Therefore, the Court will allow Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of entry of this Memorandum and Order that fully states the facts — the who, what, when, where, why, how — of his allegations. Plaintiff is **NOTIFIED** that the amended complaint will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. Plaintiff is further **NOTIFIED** that his amended complaint should include only a short and plain statement of his claim showing that he is entitled to relief as

5

to each Defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure.[1] Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has screened the amended complaint.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now

---

[1] Plaintiff is also **NOTIFIED** that the Court may only address the merits of claims that relate back to and are properly joined with Plaintiff's main claim under the applicable Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15 and 20(2).

confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within twenty-one (21) days in accordance with the directives stated above;

7. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE